NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PA., Plaintiff,

v.

CONTINENTAL ILLINOIS
CORPORATION, et al.,
Defendants.

HARBOR INSURANCE COMPANY and
Allstate Insurance Company, Plaintiffs,

v.

CONTINENTAL ILLINOIS
CORPORATION, et al.,
Defendants.

Nos. 85 C 7080, 85 C 7081.

United States District Court,
N.D. Illinois, E.D.

June 18, 1986.

Frank J. Roan, James G. Hiering, Dennis
C. Waldon, Jeffrey I. Berkowitz, A. Benja-
min Goldgar, Keck, Mahin & Cate, Chicago,
Ill., for plaintiff.

Richard F. Levy, Sidney Bosworth
McDole, Kirkland & Ellis, Chicago, Ill., for
James Harper, Jr.

MEMORANDUM OPINION
AND ORDER

SHADUR, District Judge.

Harbor Insurance Company ("Harbor"),
Allstate Insurance Company ("Allstate")
and National Union Fire Insurance Compa-
ny of Pittsburgh, Pa. ("National Union")
have sued Continental Illinois Corporation
("CIC"), its subsidiary Continental Illinois
National Bank and Trust Company of Chi-
cago ("Bank")[1] and a host of other defend-
ants, seeking to avoid liability under the
directors' and officers' ("D & O") policies
plaintiffs had issued to CIC.[2] Among the
individual defendants was former Bank of-
ficer James Harper, Jr. ("Harper"), who
has filed a motion for dismissal and a com-
panion motion for the imposition of sanc-
tions under Fed.R.Civ.P. ("Rule") 11.

Just as in the case of the other individual
defendants ("Outside Directors") whom
this Court has just dismissed from these
actions, Harper's motion is in part constitu-
tional, based on the Article III restriction
of this Court's jurisdiction to "Cases" or
"Controversies." And everything said in
this Court's opinion dismissing those Out-
side Directors (the "Opinion," 110 F.R.D.
615) applies with equal force to Harper,
whose dismissal really follows directly from
dismissal of the least-involved Outside Di-
rectors.

Of the three underlying securities ac-
tions referred to in the Opinion, Harper
was named a defendant only in the case
still pending before Honorable John Grady,
*In re Continental Securities Litigation,*
No. 82 C 4712. On October 12, 1984 Judge
Grady entered summary judgment in Har-
per's favor on one count (that charging
securities law violations), and on February
15, 1985 Judge Grady granted summary

---

**1.** CIC and Bank are collectively called "Conti-
nental."

**2.** This opinion is the fifth to treat with the
motions this Court inherited on the recent reas-
signment of these actions to its calendar.

judgment for Harper on two of the other three counts in which Harper had originally been named (those charging fraud). In the interim the claims in the other count against Harper (charging negligence) had been dismissed without prejudice November 6, 1984.

Like Outside Directors Gordon Corey and William Hewitt, Harper is thus out of all substantive litigation whatever. And like Corey and Hewitt, Harper has been fully reimbursed for his litigation expenses. Thus he neither has nor asserts any claim against Harbor-Allstate or National Union. All these things were known to Harbor-Allstate and National Union and their attorneys before these actions were ever filed.

Harbor-Allstate and National Union make the same empty responses to Harper that they made in resisting Outside Directors' motion to dismiss. This Court has already considered and rejected those responses in the Opinion, and it is unnecessary to thresh the same straw twice.

Accordingly Harper is dismissed from these actions. As with the Corey-Hewitt motion, Harbor-Allstate and National Union are ordered to respond to Harper's Rule 11 motion on or before July 2, 1986.